UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERNADINE E. MATTHEWS,

      Plaintiff,

      v.                                        Case No. 05-C-537

WISCONSIN ENERGY
CORPORATION,

      Defendant.

## ORDER

On May 13, 2005, plaintiff Bernadine Matthews filed a complaint against defendant Wisconsin Energy Corporation ("WE") alleging four causes of action: (1) Title VII retaliation; (2) breach of settlement agreement; (3) defamation; and (4) intentional infliction of emotional distress. WE has moved for dismissal of the retaliation, defamation, and emotional distress claims pursuant to Fed. R. Civ. P. 12(b)(6). The matter is fully briefed, and the court will now address the motion.

## FACTUAL BACKGROUND

The facts alleged in the complaint, which are accepted as true for purposes of deciding WE's motion, disclose the following: Matthews began her employment with WE on September 9, 1980, and she was employed as a Customer Information Center Representative until approximately 1983. Thereafter, she was employed as a Commercial Service Representative until her employment ended on April 5, 1999.

Matthews filed several lawsuits and administrative charges against WE during and after employment ended, some of which concerned race discrimination and retaliation. Matthews' race is African-American. Some of these cases were settled as part of a confidential global settlement reached between the parties on April 5, 1999, and others were resolved in a confidential settlement reached between the parties on October 17, 2003, and the settlement was memorialized December 23, 2003.

As part of both settlements, WE agreed to comply with certain provisions relating to Matthews' employment references. As part of the settlement reached October 17, 2003, WE agreed to respond to reference requests concerning Matthews in the following manner:

> At this time the company's policy is what you call name, rank, and serial number. We confirm people worked there, the dates of employment, and their position or at least their last position. I don't know if we give the whole history. That is what our policy is at this time. And that's what I can agree to.

This was agreeable to Matthews so long as WE did not indicate she had been terminated or fired. WE also agreed in writing in the settlement agreement "to respond to any request for a reference regarding Matthews in a manner that is consistent with Wisconsin Gas policy in place regarding reference checks at the time. Wisconsin Gas will not respond to any request for a reference regarding Matthews by indicating that Matthews was terminated or fired from Wisconsin Gas." The settlement agreement further provided in the event one of the parties breached the agreement, the breaching party would indemnify the other for any damages caused thereby.

On September 29, 2004, Financial Management Solutions, LLC conducted a reference check for Matthews with WE. In response, WE identified Matthews' last position with WE as "Credit Specialist," but only after first denying Matthews ever worked for WE. On October 8, 2004, Employment Management Services conducted a reference check for Matthews with WE. In response, WE identified Matthews' last position with WE as a "Credit Specialist," but only after first denying Matthews ever worked for WE. A "Credit Specialist" position is lower in rank than a "Commercial Service Representative" position.

WE's telling these prospective employers she was a "Credit Specialist" when in fact she was a "Commercial Service Representative," and at first denying she ever worked for WE, caused Matthews to be unable to gain employment in part because the information WE provided did not match the information on her resume.

## JURISDICTION, VENUE, AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper in the Eastern District of Wisconsin pursuant to § 42 U.S.C. § 2000e-5(f)(3). Dismissal of a cause of action is proper under Fed. R. Civ. P. 12(b)(6) only if there is no doubt the plaintiff can prove no set of facts which would entitle her to relief. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). When ruling on a motion to dismiss, the court ordinarily considers only the allegations in the complaint. *Id.*

DISCUSSION

Matthews' first cause of action alleges WE retaliated against her because of her prior lawsuits by providing prospective employers with false and damaging information. A plaintiff states a claim for retaliation under Title VII by showing, in part, that the person engaging in the allegedly retaliatory conduct was aware of the statutorily protected activity. *See Sanders v. City of Chicago*, Case No. 98C5838, 2000 U.S. Dist. 1753, at *24 (N.D. Ill. Feb. 15, 2000). Here, Matthews' complaint fails to state a cause of action for retaliation under Title VII because she fails to allege facts sufficient to show the persons who gave prospective employers the allegedly false and damaging information were aware of her statutorily protected activity. As such, her first cause of action must be dismissed.[1]

Matthews' third cause of action alleges WE defamed her by providing false and damaging information to prospective employers. A plaintiff states a claim for defamation by pleading: (1) a false statement was made; (2) in the form of speech by a person other than the defamed; (3) the communication was unprivileged; and (4) tended to harm a person's reputation so as to lower him or her in the estimation of the

---

[1] WE also argues the factual allegations in the complaint fail to establish a causal link between the protected activity and the retaliatory conduct because of the substantial lapse of time between the two. *See, e.g., Johnson v. Univ. of Wisconsin Eau Claire*, 70 F.3d 469, 480-81 (7th Cir. 1995). However, the court believes the 9-month interval between the final settlement and the alleged retaliatory conduct might, under the circumstances, warrant an inference of a causal link. As such, the court declines to dismiss the cause of action on this ground.

community or deter third persons from associating or dealing with her. *Torgerson v. Journal/Sentinel, Inc.*, 563 N.W.2d 472, 477 (Wis. 1997).

Here, Matthews' complaint alleges facts sufficient to state a claim of defamation. WE's telling a prospective employer Matthews was a "Credit Specialist" when she was in fact a "Commercial Service Representative," constitutes a false statement, and the statement harmed her reputation by deterring employers, *i.e.*, third parties, from hiring her because WE's information did not match the information on her resume. As such, Matthews' third cause of action cannot be dismissed for failure to state a claim upon which relief may be granted.

Matthews' fourth cause of action alleges WE intentionally inflicted emotional distress on her by providing false and damaging information to prospective employers. A plaintiff states a claim for intentional infliction of emotional distress by pleading (1) the defendant intended to cause her emotional distress by his or her conduct; (2) the conduct was extreme and outrageous; (3) the conduct was a cause-in-fact of the plaintiff's emotional distress; and (4) the plaintiff suffered an extreme disabling response to the defendant's conduct. *Anderson v. Continental Ins. Co.*, 271 N.W.2d 368, 378 (Wis. 1978); *Hart v. Bennet*, 672 N.W.2d 306, 321 (Wis. Ct. App. 2003). In Wisconsin, conduct is "extreme and outrageous" when it is so egregious and severe that "the average member of the community would find [the] conduct as a complete denial of the individual's dignity as a person." *Alsteen v. Gehl*, 124 N.W.2d 312, 318 (Wis. 1963).

-5-

Here, Matthews fails to state a claim for intentional infliction of emotional distress. First, she fails to allege WE's conduct was intended to cause her emotional distress. *See Rabideau v. City of Racine*, 627 N.W.2d 795, 803 (Wis. 2001). Second, she fails to allege facts sufficient show WE's conduct was extreme and outrageous. WE's telling a prospective employer Matthews was a "Credit Specialist" when she was in fact a "Commercial Service Representative," and at first denying Matthews ever worked for WE, simply does not rise to the level of "extreme and outrageous" conduct as a matter of law. As such, her fourth cause of action must be dismissed.

Having concluded Matthews' cause of action for Title VII retaliation must be dismissed, the court would ordinarily relinquish jurisdiction to Wisconsin state courts since the only basis for jurisdiction over the remaining second and third causes of action is supplemental jurisdiction. *See Kennedy v. Schoenberg, Fischer & Newman, Ltd*, 140 F.3d 716, 727-728 (7th Cir. 1998). However, Matthews' opposition brief appears to present facts which if alleged in her complaint might support Title VII retaliation. As such, Matthews will be granted until September 9, 2005, to amend her complaint.

Accordingly,

IT IS ORDERED that WE's motion for partial dismissal (Docket #7) be and the same is hereby GRANTED in part and DENIED in part;

IT IS FURTHER ORDERED that Matthews' first and fourth causes of action be and the same are hereby DISMISSED without prejudice; and

IT IS FURTHER ORDERED that Matthews be and the same is hereby GRANTED leave until September 9, 2005 to amend her complaint.

Dated at Milwaukee, Wisconsin, this 9th day of August, 2005.

BY THE COURT:

s/J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge