UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BERNADINE E. MATTHEWS,

        Plaintiff,

        v.                          Case No. 05-CV-0537

WISCONSIN ENERGY CORPORATION,
f/k/a WISCONSIN GAS COMPANY,

        Defendant.

---

## ORDER

On September 15, 2005, the plaintiff, Bernadine E. Matthews filed a motion

for a preliminary injunction, compelling the defendant, Wisconsin Energy

Corporation ("WE") to verify Matthews' terms of employment to third parties in

accordance with a settlement agreement reached on October 17, 2003. For the

reasons stated below, the court is obliged to deny Matthews' motion for a

preliminary injunction.

## FACTUAL BACKGROUND

Matthews was employed by WE from 1980 until 1999. In approximately

1983, she became a Commercial Service Representative and remained in that

position until the end of her employment at WE on or about April 5, 1999. The

parties disagree as to what Matthews' job title was at the end of her employment.

While Matthews asserts that her job title at the end of her employment in 1999

remained "Commercial Service Representative," according to Patricia Atkins, a WE

human resources supervisor, the job title "Commercial Service Representative,"

"was reclassified to the Credit Specialist position in 1998." (*See* Declaration of Patricia Atkins, Exhibit A.)

Matthews previously filed lawsuits and administrative charges against WE in connection with her employment, the subsequent termination of that employment, and WE's related conduct following the end of her employment. Some of these cases, (including Case No. 98-CV-0644), were settled as part of a confidential global settlement reached between the parties on April 5, 1999, and others, (including Case No. 03-CV-0636), were resolved in a confidential settlement reached between the parties on October 17, 2003.

As part of both settlements, WE agreed to comply with certain provisions relating to Matthews' employment references. As part of the October 17, 2003 agreement WE agreed to respond to reference requests concerning Matthews in the following manner:

> At this time the company's policy is what you call name, rank, and serial number. We confirm people worked there, the dates of employment, and their position or at least their last position. I don't know if we give the whole history. That is what our policy is at this time. And that's what I can agree to.

(*See* Declaration of Bernadine Matthews, Exhibit C at 5.) This was agreeable to Matthews so long as WE did not indicate that she had been terminated or fired. Additionally, the agreement specified that a response to a reference request would not contain any extraneous information. In the transcript of the October 17, 2003 settlement proceedings before the Honorable Lynn S. Adelman, Judge Adelman noted that the defendant "will provide a statement of dates the plaintiff worked for

the defendant, and that's all." (*See* Declaration of Bernadine Matthews, Exhibit C at 4, lines 11-14.)

The record indicates that WE received three reference requests concerning Matthews. First, on September 29, 2004, Financial Management Solutions, LLC conducted a reference check relative to Matthews with WE. In response, WE identified Matthews' last position with WE as "Credit Specialist," but only after first denying Matthews ever worked for WE. (*See* Declaration of Bernadine Matthews, Exhibit B.)

Second, on October 8, 2004, Employment Management Services conducted a reference check relative to Matthews with WE. In response, WE identified Matthews' last position with WE as a "Credit Specialist," but only after first denying Matthews ever worked for WE. (*See* Declaration of Bernadine Matthews, Exhibit A.)

Third, on October 15, 2005, Howard M. Schwartz, a certified provider of outplacement services for the United States Social Security Administration, conducted a reference check relative to Matthews with WE by mail and then by fax on October 18, 2005. In response to this request, WE in-house counsel, Lynne English, contacted Schwartz by telephone on October 19, 2005 and informed him that Matthews was involved in two lawsuits against WE and questioned whether Matthews was entitled to Social Security benefits. English also indicated that WE would respond to Schwartz's reference request once it received a copy of Matthews' release form. (*See* Declaration of Howard M. Schwartz, ¶¶ 6-8.) On October 24, 2005, WE human resources supervisor, Atkins, sent Schwartz a letter

verifying Matthews' employment history at WE. Atkins' reference letter included the following description of Matthews' last position at WE: "She was classified as a Credit Specialist at the time of leaving our employment in 1999. Her prior occupation was Commercial Service Representative, and the incumbents in that position were reclassified to the Credit Specialist position in 1998." (*See* Declaration of Patricia Atkins, Exhibit A.)

**PROCEDURAL BACKGROUND**

On July 1, 2005, WE filed a partial motion to dismiss three of the four causes of actions in Matthews' May 13, 2005 complaint. Specifically, WE moved to dismiss Matthews' claims that WE's actions constituted defamation, intentional infliction of emotional distress, and a violation of Title VII of the Civil Rights Act of 1964. In an order dated August 9, 2005, the court dismissed Matthews' Title VII retaliation claim and her intentional infliction of emotional distress claim. However, the court granted Matthews until September 9, 2005, to amend her complaint to present facts which if alleged in her complaint might support a Title VII retaliation claim. On September 8, 2005 Matthews filed her amended complaint asserting three causes of action: a Title VII retaliation claim, a breach of the October 17, 2003 settlement agreement claim, and a defamation claim.

On September 15, 2005, Matthews filed a motion for a preliminary injunction compelling WE to verify Matthews' terms of employment to third parties in accordance with the October 17, 2003 settlement agreement.

**DISCUSSION**

To prevail on her motion for preliminary injunctive relief, the plaintiff must first prove that: (1) she has some likelihood of succeeding on the merits; and (2) she has no adequate remedy at law and will suffer irreparable harm if the preliminary relief is denied. *Abbott Laboratories v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* If the moving party clears both thresholds, then the court must consider whether the irreparable harm the plaintiff will suffer if the injunction is not granted is greater than the irreparable harm the defendant will suffer if the injunction is granted; and the public interest, meaning the consequences to non-parties of granting or denying the injunction. *Id.* at 11-12. The plaintiff bears the burden of persuasion with respect to each of these factors. *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976).

An injury is irreparable harm for purposes of granting a preliminary injunction only if the harm cannot be repaired by a final judgment after trial. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997). Matthews asserts that WE's responses to the prior reference requests are preventing her from looking for new employment and that no post-trial monetary remedy can compensate her for such harm. However, the Seventh Circuit and other circuit courts have determined that the inability to obtain new employment is not considered irreparable harm because it can be compensated with post-trial damages. *See Ekanem v. Health & Hospital Corp.*, 589 F.2d 316, 321 (7th Cir. 1978) (citing *Sampson v. Murray*, 415 U.S. 61,

at 90 (U.S. 1974) ("Inability to obtain other employment is not considered irreparable harm because a terminated employee has an adequate remedy at law by obtaining a judgment in his favor")); *See also Marshall v. National Ass'n of Letter Carriers*, 2003 WL 22119882, *2 (S.D.N.Y. September 15, 2003) (preliminary injunction sought to prevent the defendants from giving negative employment references denied because lack of employment could be compensated with monetary awards should the plaintiff prevail at trial).

Matthews asserts that WE's actions will tarnish her reputation if it does not respond to reference requests in accordance with the settlement agreement and that this damage to her reputation constitutes irreparable harm. However, in *Sampson,* 415 U.S. at 89, the Supreme Court expressly rejected the proposition that "either loss of earnings or damage to reputation might afford a basis for a finding of irreparable injury and provide a basis for temporary injunctive relief." (Footnote omitted). *Dos Santos v. Columbus-Cuneo-Cabrini Medical Center*, 684 F.2d 1346, 1349 (7th Cir. 1982) (quoting *Sampson* 415 U.S. at 89)).

The Seventh Circuit recently held that a plaintiff cannot obtain a preliminary injunction by speculating about hypothetical future injuries. *E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 705-06 (7th Cir. 2005) (citing *Tom Doherty Assocs. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995)). The harm Matthews seeks to prevent is speculative since she has not demonstrated that WE has actually damaged her reputation in the eyes of a third party or that WE is likely to harm her reputation in the future. Even though WE's in-house counsel, English, informed Schwartz about Matthews' lawsuits against

WE and questioned whether Matthews was entitled to social security benefits, Matthews has not demonstrated that these actions harmed her or damaged her reputation, particularly as related to any future employment.

Moreover, Matthews has not demonstrated that WE has harmed her reputation or will harm her reputation by referring to her last position at WE as "Credit Specialist." According to the Atkins declaration, all employees who were classified as "Commercial Service Representatives" were reclassified as "Credit Specialists" in 1998. (*See* Declaration of Patricia Atkins, Exhibit A.) This suggests that the "Credit Specialist" title may not be lower in rank, prestige, or pay compared to the "Commercial Service Representative" title, as Matthews asserts in her amended complaint, but rather that the titles refer to the same position.

Finally, the fact that no actual employer has requested a reference from WE regarding the plaintiff undercuts plaintiff's assertion of irreparable harm. (*See* Plaintiff's Reply to Defendant's Brief in Opposition to Plaintiff's Motion at 5.) In light of this information, the record does not support a conclusion that WE will cause Matthews irreparable harm in the absence of a preliminary injunction or that Matthews cannot be adequately compensated with post-trial damages should she prevail at trial.

The court is obliged to deny the plaintiff's motion for a preliminary injunction because Matthews did not demonstrate that she has no adequate remedy at law and that she has suffered or will suffer irreparable harm in the future because of WE's actions. Since the plaintiff failed to establish one of the prerequisites for a

preliminary injunction the court need not examine the remaining three elements. *See Abbott Laboratories*, 971 F.2d at 11.

While the court concludes that a preliminary injunction is not warranted, the court reminds the defendant that it is under a continuing obligation to comply with the terms of the October 17, 2003 settlement agreement between the parties. The court understands that the defendant agreed to respond to reference requests regarding the plaintiff by providing the information set out in Exhibit A to the 1999 settlement agreement. (*See* Exhibit A to 1999 Agreement, Docket #45). Additionally, the transcript of the settlement proceedings before the Honorable Lynn S. Adelman indicates that a response to a reference request regarding the plaintiff would not contain any extraneous information. Judge Adelman noted that the defendant "will provide a statement of dates the plaintiff worked for the defendant, *and that's all.*" (emphasis added). (*See* Declaration of Bernadine Matthews, Docket #22, Exhibit C at 4, lines 11-14.)

Accordingly,

**IT IS ORDERED** that plaintiff's request for a preliminary injunction be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this __1st__ day of February, 2006.

BY THE COURT:

 s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge