# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BERNADINE E. MATTHEWS,

      Plaintiff,

v.                                                                        Case No. 05-CV-537

WISCONSIN ENERGY CORPORATION, INC.,

      Defendant.

## ORDER

This case comes before the court on a second motion for summary judgment following a remand by the Seventh Circuit Court of Appeals and the subsequent re-opening of discovery. Plaintiff Bernadine Matthews ("Matthews") alleges that her former employer, defendant Wisconsin Energy Corporation, Inc. ("Wisconsin Gas"[1]), breached a provision of their settlement agreement regarding the type of information Wisconsin Gas could give in response to a reference request. Wisconsin Gas now moves for summary judgment on this remaining claim for breach of contract. Based on the reasoning set forth below, the court will deny the motion[2].

---

[1] The defendant asserts that it is improperly identified as "Wisconsin Energy Corporation, Inc.," and should instead be identified as the "Wisconsin Gas Company." The defendant refers to itself as "Wisconsin Gas" and the court will do the same throughout its order.

[2] Matthews filed a motion requesting oral argument on the instant summary judgment motion. However, the court finds that oral argument is unnecessary because it can render a decision based solely on the record and the submitted briefs.

## BACKGROUND

Matthews was employed by Wisconsin Gas for nearly twenty years, from 1980 until 1999. The relationship between the two soured and the parties executed an Employment Separation Agreement in 1999. Four years later, Matthews filed suit alleging that certain responses Wisconsin Gas made to companies seeking employment references for her violated the agreement. The parties resolved their dispute and executed a new written settlement agreement on December 23, 2003. The settlement agreement addresses the manner in which Wisconsin Gas may respond to inquiries regarding Matthews, and reads in relevant part:

> Wisconsin Gas agrees to respond to any request for a reference regarding Matthews in a manner that is consistent with the Wisconsin Gas policy in place regarding reference checks at the time. Wisconsin Gas will not respond to any request for a reference regarding Matthews by indicating that Matthews was terminated or fired from Wisconsin Gas.

Wisconsin Gas's policy regarding reference checks from third parties was to confirm the dates of the individual's employment and the title of the last position held by that individual.

Over the next two years, Matthews applied for a number of jobs and several employers contacted Wisconsin Gas for references. Matthews believed that Wisconsin Gas was providing unflattering responses to the reference checks, in violation of the settlement agreement, and filed the instant lawsuit on May 13, 2005. Matthews's original complaint asserted claims for breach of contract, retaliation in

violation of Title VII of the Civil Rights Act of 1964, defamation, and intentional infliction of emotional distress. Shortly after filing her suit, Matthews enrolled in a program through the Social Security Administration called "Ticket to Work," a program that would allow her to reenter the job market while still receiving benefits. Matthews also retained the services of Howard Schwartz ("Schwartz"), an employment consultant providing outplacement services for the Social Security Administration who specialized in assisting disabled individuals in finding work.

Matthews informed Schwartz early on in their relationship that she believed Wisconsin Gas was not providing positive reference information to prospective employers. Thereafter, in September 2005, Schwartz revised Matthews's resume to omit her nearly 20-year employment history with Wisconsin Gas. Schwartz sent a copy of the revised resume to Matthews and her attorney on or around September 23, 2005, and recommended that Matthews use the revised version. Schwartz received authorization to use the revised resume approximately one week later. However, Schwartz also followed up on Matthews's claims by contacting Wisconsin Gas before distributing the revised resume.

On October 15, 2005, Schwartz sent a letter to the Wisconsin Gas Human Resources Manager identifying himself as a government contractor who assists in job placement, and requesting confirmation of Matthews's work history. Lynne English ("Attorney English"), an in-house attorney for Wisconsin Gas, contacted Schwartz via telephone on October 19, 2005. During the conversation, Attorney

-3-

Case 2:05-cv-00537-JPS   Filed 01/20/10   Page 3 of 15   Document 290

English asked questions about Matthews's participation in the Social Security program and informed Schwartz that Wisconsin Gas was engaged in litigation with Matthews regarding how the company responds to reference requests.

After his phone call with Attorney English, Schwartz began distributing the revised version of Matthews's resume excluding her employment history with Wisconsin Gas to a number of business contacts. Matthews herself did not distribute the revised resume; the two resumes she submitted to potential employers after October 2005 listed her job history with Wisconsin Gas. Schwartz disseminated revised resumes, but he also submitted resumes listing Wisconsin Gas to the following potential employers: the Social Security Administration, Extended University, the United States Department of Labor, and Home Instead.

Meanwhile, the litigation between Matthews and Wisconsin Gas was proceeding. In August 2005, this court dismissed Matthews's claims for Title VII retaliation and intentional infliction of emotional distress without prejudice. Matthews filed an amended complaint, but did not re-assert her intentional infliction of emotional distress claim. In March 2007, the court granted summary judgment to Wisconsin Gas on Matthews's remaining counts alleging Title VII retaliation, breach of contract, and defamation. Matthews subsequently appealed. On July 7, 2008, the Seventh Circuit Court of Appeals issued a decision affirming the majority of the court's decision. The Seventh Circuit did, however, reverse the grant of summary judgment on Matthews's breach of contract claim and vacate the award of attorneys'

fees to Wisconsin Gas. The Seventh Circuit held that a jury could find a breach of contract based on the reference Wisconsin Gas provided to Schwartz because Attorney English provided him with more information than simply Matthews's dates of employment and final position. The Seventh Circuit then remanded the case for further proceedings consistent with its opinion.

The case returned before this court and Wisconsin Gas moved to reopen discovery for the limited purpose of exploring facts surrounding Schwartz and his attempts to assist Matthews in her job search. The court granted this motion on December 18, 2008, and provided additional deadlines. Wisconsin Gas filed a second motion for summary judgment on June 8, 2009, and this motion is now before the court.[3]

---

[3]Wisconsin Gas also filed a motion to strike portions of Schwartz's declarations and the portions of Matthews's response brief which rely upon them because certain statements contained in Schwartz's declarations allegedly contradict his earlier deposition testimony. Wisconsin Gas bases its argument on the Seventh Circuit Court of Appeals' holding that parties cannot "thwart the purposes of" summary judgment "by creating 'sham' issues of fact with affidavits that contradict their prior depositions." *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1168 (7th Cir. 1996).

The court will deny the motion to strike, however, because the challenged statements do not directly contradict Schwartz's deposition testimony when considered in context and against the entirety of his testimony. *See Allied Signal*, 75 F.3d at 1168 (stating that a grant of summary judgment is only appropriate "when a witness has contradicted directly his or her own earlier statement without explaining adequately the contradiction or without attempting to resolve the disparity."). Because the declaration statements are not plainly incredible and can be reconciled with Schwartz's deposition testimony, the remaining determinations of whether to believe the statements and how much weight to assign to them are matters for the jury. *See Patton v. MFS/Sun Life Financial Distributors, Inc.*, 480 F.3d 478, 488 (7th Cir. 2007) ("a court must examine the particular circumstances of a change in testimony to see whether it is plainly incredible or merely creates a credibility issue for the jury.").

-5-

## DISCUSSION

Wisconsin Gas moves for summary judgment on Matthews' sole surviving claim for breach of contract. A grant of summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party opposing summary judgment cannot simply rest on allegations or denials in its pleadings, but rather, it must also introduce affidavits or other evidence setting forth specific facts showing a genuine issue for trial. *Anders v. Waste Management of Wisconsin*, 463 F.3d 670, 675 (7th Cir. 2006). The court views all facts and draws all reasonable inferences in favor of the nonmoving party. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006).

The Seventh Circuit Court of Appeals reversed the grant of summary judgment on Matthews's breach of contract claim after concluding that a jury could find that Wisconsin Gas breached the settlement agreement between the parties based on the reference Attorney English provided to Schwartz. *Matthews v. Wisconsin Energy Corp., Inc.*, 534 F.3d 547, 557-59 (7th Cir. 2008). The Seventh Circuit then remanded the case for "further proceedings consistent with this opinion."

*Id.* at 559. The parties have widely differing views about the implications of this statement for the instant motion for summary judgment. Wisconsin Gas believes that the Seventh Circuit Court of Appeals' opinion allows this court to decide the case based on its second summary judgment motion, while Matthews believes that the opinion precludes this court from considering a second summary judgment motion and requires the claim to be decided by a jury. Wisconsin Gas interprets the Seventh Circuit's opinion as holding that Schwartz *may* have edited Matthews's resume after his conversation with English and *may* have suffered damages from a lost job, and that the court remanded the case for resolution of this issue. Wisconsin Gas argues that no genuine issue of fact remains as to whether these "possible" events actually occurred and that summary judgment is now appropriate. Matthews, however, interprets the opinion as remanding for a resolution of the issue by a jury only and that a grant of summary judgment directly contradicts the Seventh Circuit's instructions. This court believes that the remand "for further proceedings" allows it to consider Wisconsin Gas's summary judgment motion, though the outcome of this debate is ultimately irrelevant. The claim will reach a jury regardless because the court must deny summary judgment after construing all facts in favor of Matthews.

After determining that it may consider Wisconsin Gas's second motion for summary judgment, the court now turns to the merits of the motion. Wisconsin Gas argues that it is entitled to summary judgment on the breach of contract claim because Matthews cannot establish any damages arising from the alleged breach

of the settlement agreement. To establish a breach of contract in Wisconsin, "the plaintiff must show a valid contract that the defendant breached and damages flowing from that breach." *Matthews*, 534 F.3d at 553 (citing *Northwestern Motor Car, Inc. v. Pope*, 51 Wis. 2d 292, 296, 187 N.W.2d 200 (Wis. 1971)). Wisconsin Gas does not contest that a breach of the settlement agreement occurred. Indeed, the Seventh Circuit explicitly stated that the information provided by Attorney English to Schwartz during their October 19, 2005 phone call precludes a finding of summary judgment on this point:

> Neither participant in the conversation denies that English told Schwartz of Matthews's litigation history. This information went well beyond the objective information concerning Matthews's dates of employment, final salary, and final position held. A jury could believe Schwartz's version of the conversation, which included what would be unfavorable information regarding Matthews. And it could likewise conclude that the parties agreed that Wisconsin Energy would provide only the objective information set out in its "policy." If so, this would show that Wisconsin Energy breached the settlement agreement.

*Matthews*, 534 F.3d at 557. Instead, Wisconsin Gas concentrates its argument on the second element of a breach of contract claim – damages flowing from the breach. Wisconsin Gas asserts that Matthews fails to establish a genuine issue of material fact regarding damages resulting from the reference Attorney English provided to Schwartz.

Wisconsin Gas embarks upon a seemingly futile endeavor because the Seventh Circuit Court of Appeals identified evidence "of damages stemming from this breach that a jury could believe." *Matthews*, 534 F.3d at 557. The Seventh

-8-

Circuit explained the manner in which Matthews was damaged, if testimony by Schwartz is believed:

> In Wisconsin, a party is damaged if she is denied the benefit of the bargain, and "the award of damages for a breach of contract should compensate an injured party for losses that necessarily flow from the breach." (citation omitted). Here Matthews's expected benefit from the settlement agreement was to be a more competitive candidate when seeking future employment based on a good reference from her long-time employer. Schwartz testified in his deposition that he took Wisconsin Energy off of Matthews's resume after his conversation with English. Given Matthews's nearly two-decade employment there, this gap in her employment history could have hurt her prospects of landing a future job through the social-security program. If Schwartz's version is believed, a jury could conclude that Matthews was denied the benefit of this contract when Schwartz so edited her resume, which in turn followed from the conversation between Schwartz and English.

*Matthews*, 534 F.3d at 557-58. Despite this finding, Wisconsin Gas argues that Matthews cannot show she suffered damages as a result of Attorney English's conversation with Schwartz.

First, Wisconsin Gas argues that Matthews cannot establish damages arising from the breach because Schwartz edited her resume to omit work history with Wisconsin Gas *prior* to his conversation with Attorney English. Therefore, the comments which Attorney English made to Schwartz about Matthews when he called for a reference – comments which constitute the alleged breach of the agreement – did not cause Schwartz to edit Matthews's resume. Instead, Schwartz made the decision to remove Matthews's employment history with Wisconsin Gas independent of Attorney English's comments. As a result, Wisconsin Gas concludes, any

-9-

damage done to Matthews's job prospects because her resume included a 20-year gap cannot be traced to the breach.

However, the question of whether Attorney English's conversation with Schwartz influenced his decision to edit the resume is an open one. As Wisconsin Gas correctly points out, Schwartz testified that he revised Matthews's resume and provided it to her for authorization prior to his phone call with Attorney English. Nonetheless, this statement does not constitute the entirety of Schwartz's statements on the issue. Schwartz also testified that he originally revised the resume based on Matthews's reported suspicions that Wisconsin Gas was providing unfavorable job references for her. (Schulz Decl., Dk # 262, Ex. A, Schwartz Dep., at 23). Schwartz was initially skeptical of Matthews's claims that she was being "blackballed," but his beliefs changed after the phone call with Attorney English. (Id. at 121; Schwartz Decl., at ¶¶ 7, 8). Rather than showing that Matthews's suspicious were unfounded, Schwartz's contact with Attorney English indicated that Matthews had reason for suspecting Wisconsin Gas of giving out poor references. Schwartz avers that he "finalized" the revised resume for dissemination only after he spoke with Attorney English (Schwartz Decl., at ¶ 8) because he needed to confirm that deleting 20 years of work history from Matthews's resume was necessary. Schwartz apparently decided that the drastic step of removing employment history was justified because he began sending out the revised version of Matthews's resume to potential employers only *after* speaking with Attorney English. (Schwartz Dep., at

-10-

124). Construing the testimony in favor of Matthews, a reasonable jury could conclude that Schwartz's conversation with Attorney English lead him to revise and disseminate a redacted resume, rendering Matthews a less competitive applicant.

Wisconsin Gas also suggests that Matthews cannot establish damages arising from the breach because Schwartz's revision of her resume was only partly motivated by his conversation with Attorney English. Wisconsin Gas points to testimony by Schwartz stating that one benefit of eliminating Matthews's job history with the company was that it made her appear younger. However, he also stated that making Matthews less likely to suffer from age discrimination in hiring "wasn't the major motivation" and that it was a "consideration arrived at under duress." (Schwartz Decl., at 141-42). Wisconsin Gas seems to argue that Schwartz would have revised Matthews's job history because of age concerns, regardless of his conversation with Attorney English. The court is unconvinced that a job consultant would eliminate 20 years of work history simply to make his client appear younger. At the very least, a genuine issue of material fact remains as to whether the reference Schwartz received from Wisconsin Gas motivated him to revise Matthews's resume and rendered her a less competitive job candidate.

Second, Wisconsin Gas argues that Matthews cannot establish damages arising from the breach of contract because she presents no evidence that she failed to obtain a particular job as a result of her revised resume. Wisconsin Gas dedicates a significant portion of its brief to listing the employers to whom Schwartz

-11-

or Matthews sent resumes, establishing that neither Schwartz nor Matthews has any information about why Matthews was not hired, and confirming that Wisconsin Gas did not provide a reference to that employer. Wisconsin Gas also points out that a large number of the resumes Schwartz disseminated after October 2005 did, in fact, include Matthews's employment history with the company.

However, Wisconsin Gas wrongly assumes that Matthews must identify a specific job she did not receive because of the revised resume in order to establish damages. There is evidence in the record that Schwartz sent out 20 to 25 of these edited resumes. (Second Schwartz Decl., at ¶ 2, Dk #263). Matthews provides no evidence that she was not hired or interviewed for a particular job because her resume omitted the Wisconsin Gas work history, however, this lack of evidence is hardly surprising. An applicant is not normally privy to the employer's decision-making process. Departments of Human Resources do not routinely contact every applicant who submits a resume to explain whether 20 more years of work experience on his or her resume would have resulted in an interview or job offer.

A more important point is that the Seventh Circuit Court of Appeals had less evidence before it and still concluded that a jury could find damages stemming from Attorney English's conversation with Schwartz. The Seventh Circuit cited Schwartz's testimony that he removed Matthews's Wisconsin Gas job history after his phone conversation and stated that the almost 20-year gap in employment "could have hurt her prospects of landing a future job through the social-security program" (one of the

employers to whom Schwartz sent her resume). This statement is damaging to Wisconsin Gas's argument and the company attempts to downplay the Seventh Circuit's conclusion by asserting that the "only reasonable interpretation" of the decision is that Matthews must "prove that she suffered the loss of a position in order to establish that she suffered damages." (Def.'s Resp. Br., at 6). However, the Seventh Circuit did not say that Matthews must prove she lost a particular social security position, nor is that understanding the only interpretation of the Seventh Circuit's decision. Instead, the Seventh Circuit suggests that injury to Matthews's job search and perceived employability is enough. The court reversed summary judgment because it found that Matthews may have suffered damage to her "prospects" for a "future job," not because she was definitively overlooked or rejected for a specific opening.

Further, Matthews's job prospects may have been damaged by Schwartz's change in strategy as a result of his conversation with Attorney English. Schwartz testified that he revised Matthews's resume to remove the Wisconsin Gas employment history based on the reference he received and that he stopped making mass contacts on her behalf. (Schwartz Dep., at 158). Removal of such significant work experience from Matthews's resume required Schwartz to rethink how to market her as a job candidate. Schwartz shifted his job search from "significant positions" appropriate for someone with Matthews's job experience to more low level positions. (Schwartz Dep., at 155-59). This was because Schwartz "no longer had

a viable candidate to market for anything other than just a trivial job" after removing 20 years of work experience from Matthews's resume. (Schwartz Dep., at 159). In Schwartz's estimation, Matthews became a less desirable job candidate after he removed her Wisconsin Gas employment history and this affected his work on Matthews's behalf. A jury could find that the revision to Matthews's resume, because of Attorney English's reference, changed Schwartz's strategy for marketing Matthews as an applicant and injured her employment prospects.

Finally, as Matthews points out, any inability to prove an amount of actual damages does not doom her claim. This is because a plaintiff showing a breach of contract may recover nominal damages even if she cannot prove actual damages. *Hydrite Chemical Co. v. Calumet Lubricants Co.*, 47 F.3d 887, 891 (7th Cir. 1995). The court determined above that a genuine issue of material fact exists as to whether Matthews suffered damages as a result of Wisconsin Gas's alleged breach of the settlement agreement, and the claim will, therefore, proceed to trial. If the jury finds a breach of contract, then Matthews is entitled to nominal damages even if she fails to produce sufficient evidence from which the jury can determine what the damages were. *See Olympia Hotels Corp. v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1372 (7th Cir. 1990) (citing *Vasselos v. Greek Orthodox Community*, 24 Wis. 2d 376, 129 N.W.2d 243 (1964)).

Accordingly,

-14-

**IT IS ORDERED** that the defendant's second motion for summary judgment (Docket #254) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's motion to strike portions of Howard Schwartz's Declarations (Docket #271) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for oral argument (Docket #282) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge