# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BERNADINE E. MATTHEWS,

        Plaintiff,

v.                                        Case No. 05-CV-537

WISCONSIN ENERGY CORPORATION, INC.,
f/k/a Wisconsin Gas Company,

        Defendant.

## ORDER

This court is tasked, for the second time, with deciding an issue of attorneys' fees in a case that was initiated over five years ago. On June 21, 2010, defendant Wisconsin Energy Corporation, Inc. ("Wisconsin Energy") filed a Motion for Attorney Fees and Nontaxable Expenses and Costs (Docket #417) totaling $563,021.39, pursuant to Federal Rule of Civil Procedure 54(d)(2). This case was initiated on May 13, 2005, when plaintiff Bernadine E. Matthews ("Matthews") filed her complaint (Docket #1) against Wisconsin Energy. On March 9, 2007, this court entered judgment for Wisconsin Energy (Docket #172), granting its motion for summary judgment. The court later granted Wisconsin Energy's motion for attorneys' fees (Docket #202) on June 28, 2007. However, the case was reversed in part and remanded for further proceedings by the Seventh Circuit's mandate on July 31, 2008 (Docket #216). The circuit court also vacated the fee award. Following two more years of litigation, a jury trial was held and the jury returned its verdict in favor of

Wisconsin Energy. Thus, judgment was once again entered in favor of Wisconsin Energy (Docket #409), and the fee award was reinstated together with any additional fees later awarded. Wisconsin Energy's June 21, 2010 motion seeks those additional fees.

Additionally, on July 24, 2010, Matthews filed an "Emergency" motion to amend her response to the motion for attorneys' fees (Docket #443). The "emergency" motion merely states that counsel filed "the incomplete version of the response." The Amended Response (Docket #444) appears to add one new argument. While Matthews has not shown any justification for granting the motion, Wisconsin Energy indicates that it will "forbear from taking a position" (Docket #450), and has in fact addressed the additional argument in its reply brief (Docket #446). Though Wisconsin Energy's diligence in protecting itself by briefing the additional argument should not reward Matthews for failing to adhere to procedure, the court will address the additional argument in light of its quick disposal and the currently pending appeal. As in the first instance, the court once again finds it appropriate to award Wisconsin Energy attorneys' fees and nontaxable expenses and costs.

## DISCUSSION

Matthews has again appealed the judgment in this case, but the court retains jurisdiction over a motion for attorneys' fees because it is ancillary to the issues on appeal. *See, e.g., Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("A district court therefore may award attorneys' fees while the merits are on appeal.");

*Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990) ("District judges retain authority over questions not presented by the appeal and may take steps that do not present risks of duplicative action."). The basis for the fee request is found in a 2003 settlement agreement between the parties, both of whom the court notes parenthetically have been continuously represented by counsel to resolve a separate case in this district.[1] That agreement provides in relevant part:

> Both Parties agree that in the event either party breaches the Agreement, the breaching party will indemnify and hold the non-breaching party harmless for any costs, damages or expenses, including reasonable attorney's fees, arising out of the breach of the Agreement by that party, or arising out of any suit or claim to enforce the Agreement. The parties agree that in the event that one of the Parties hereto commences a lawsuit or other legal proceeding alleging that the other Party breached the Agreement, the prevailing Party in that action shall be entitled to recover her or its reasonable attorneys fees and expenses incurred in such lawsuit or legal proceeding from the non-prevailing Party. Notwithstanding the foregoing, nothing in this Paragraph is intended to limit or modify any remedy provided by any other provision of this Agreement.

(Decl. Lynne English Ex. 1) (Docket #421). Matthews asserts, and Wisconsin Energy does not dispute, that the settlement agreement provides for interpretation under Wisconsin law in paragraph 14. (Pl.'s Br. Opposing 2 n.1). The court will so proceed. *See Harter v. Iowa Grain Co.*, 220 F.3d 544, 560 n.13 (7th Cir. 2000) (where parties agree on law, and reasonable relation between dispute and forum exists, court will forego independent analysis of choice-of-law issue).

---

[1] Case No. 03-CV-636.

Matthews makes four arguments against an award. First, she argues that only that portion of fees which is directly related to the breach of contract claim should be awarded, and that because there is no breakdown separating such out, none should be awarded. Second, Matthews argues the fees and costs are not commercially reasonable. Third, the plaintiff urges a denial of fees under the court's power in equity. Finally, Matthews argues that the court should not award fees related to pursuit of Wisconsin Energy's second summary judgment motion because Wisconsin Energy did not prevail on that motion. Some of these arguments are simply repackaged from Matthews' opposition to the first motion for attorneys' fees. In any event, they do not succeed here.

I. **APPLICABILITY OF THE SETTLEMENT PROVISION**

Matthews once again points to the language of the settlement agreement, this time italicizing phrases in both of the first two sentences that purportedly support her argument. The applicability of a contractual fee-shifting provision is a matter of contract interpretation. *Harter v. Iowa Grain Co.*, 2204 F.3d 544, 559 (7th Cir. 2000). It is the second sentence which controls here. One party, Matthews, has commenced a lawsuit alleging the other, Wisconsin Energy, breached the settlement agreement. Wisconsin Energy has prevailed in this "action" and thus is entitled to recover fees "incurred in such lawsuit." There is no basis for reducing recovery by separating the breach of contract from other claims because the plain language of

the agreement refers to costs incurred in the lawsuit as a whole.[2]  Consequently, Wisconsin Energy is entitled to fees from the action as a whole, assuming other requirements are met.

## II. COMMERCIAL REASONABLENESS

The parties next dispute whether the fees requested are commercially reasonable, and Wisconsin Energy has the right of it once more.  The standard for determining attorneys' fees under a contractual fee-shifting provision is "commercial reasonableness."  *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996).  The standard is applied by looking at aggregate costs in light of the "stakes of the case" and opposing party's litigation strategy.  *Medcom Holding Co. v. Baxter Travenol Labs., Inc.*, 200 F.3d 518, 521 (7th Cir. 1999).  A willingness to pay is an indication of commercial reasonableness.  *Balcor*, 73 F.3d at 153.  This can be determined by considering whether outside counsel's legal bills were (1) reviewed and paid for by in-house counsel, (2) during the ordinary course of business, (3) at a time when ultimate recovery was uncertain.  *Id.*; *Medcom*, 200 F.3d at 520.  Comparing the fees of both parties is also instructive.  200 F.3d at 521.

Matthews first posits that, on the basis of the documents submitted, Wisconsin Energy could have simply paid the legal bills after the court entered judgment but

---

[2]Further, claims with the same core of operative facts are not to be considered distinct.  *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (where claims share "common core of facts," "[m]uch of counsel's time will be devoted generally to the litigation as a whole" and such suit cannot be viewed as series of discrete claims); *Penn. Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 228 (7th Cir. 1989) (proper to award fees on counterclaim because issues were "intrinsically related"); *see also Berthold Types Ltd. v. Adobe Sys., Inc.*, 186 F. Supp. 2d 834, 837 (N.D. Ill. 2002) (claims based on same operative facts subject to fee-shifting provision).

before the declarations were signed indicating payment. This argument has little force. The documents Wisconsin Energy submitted with the Declaration of Sally Bentley (Docket #422) clearly indicate payments being made upon each prior invoice. Matthews then suggests that Wisconsin Energy could have been certain of ultimate recovery because of the initial fee award, treatment of the latest judgment "with an air of finality," and a lack of Matthews indicating she prevailed. This speculation flies in the face of in-house counsel Ms. English's sworn declaration that the fees were paid without certainty of recovery. (Decl. Lynne English ¶ 5). The history of this case supports such lack of certainty as well. For one thing, the merits of the case were appealed once and have since been appealed again. For another, these fees were amassed at a time when a jury trial was looming; rarely a time of certainty. Thus, the court finds that in-house counsel's treatment of legal bills is sufficient to show willingness to pay. Further, the stakes of the case and Matthews' litigation strategy support a finding of commercial reasonableness as well. Matthews sought a range of monetary, compensatory, and punitive damages. (Am. Compl. 7) (Docket #18). Also, as demonstrated at trial, Matthews often sought to push the scope of the remand beyond the very narrow issue in question. *See* (Tr. of Excerpt of Jury Trial Proceedings 29:4-21) (Docket #416). Finally, Matthews makes no attempt to point to a disparity between Wisconsin Energy's fees and her own over the same time period, which, while not conclusive, adds more weight to a finding of

reasonableness. Therefore, in light of all the above considerations, the court finds Wisconsin Energy's requested fees commercially reasonable.

## III. EQUITY OF IMPOSING FEES

No principle of equity requires or supports relief from the imposition of fees on Matthews as required by the settlement agreement. The only Seventh Circuit case which Matthews cites to support her position is one in which the court briefly quotes a Fifth Circuit opinion in a footnote, distinguishes it from the issue confronted, and finds the argument waived for lack of development. *Dist. Re/Max N. Cent., Inc. v. Cook*, 64 Fed. Appx. 562, 565 & n.8 (7th Cir. 2003). Matthews' citation to a Northern District of Illinois case is also unavailing because the court decided not to impose costs pursuant to Federal Rule of Civil Procedure 54(d)(1), as opposed to equitably denying attorneys' fees set by contractual agreement. *Sanford v. CBS Inc.*, 108 F.R.D. 42 (N.D. Ill. 1985). Bargaining at arms length reduces any equitable concerns involved in granting attorneys' fees. *See Berthold Types Ltd. v. Adobe Sys., Inc.*, 186 F. Supp. 2d 834, 837 (N.D. Ill. 2002). Unless the provision is the product of unequal bargaining power, there is generally no reason to dispute the fairness of such provision. *See United States ex rel. C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1548 & n.16 (10th Cir. 1987); *cf. Empire Fire & Marine Ins. Co. v. Sargent*, 211 Fed. Appx. 506, 509 (7th Cir. 2007) (contract not unconscionable where voluntary and not out of necessity); *Beaver v. Grand Prix*

*Karting Ass'n, Inc.*, 246 F.3d 905, 910 (7th Cir. 2001) (contract may be unconscionable if great disparity in bargaining power leads to unwilling entry).

The fee-shifting provision does not provide an exception for financial hardship or good faith, and Matthews has not indicated that the provision is the result of unequal bargaining power. Thus, it is this court's duty to ensure that whichever party is entitled to its fees and costs receive such. In this case, it is Wisconsin Energy.

## IV. FEE RECOVERY FOR THE SECOND SUMMARY JUDGMENT MOTION

Finally, Matthews unsuccessfully attempts to separate out Wisconsin Energy's second motion for summary judgment (Docket #254), claiming Wisconsin Energy is not a "prevailing party" for purposes of fees related to the motion. Under Wisconsin law, a "prevailing party" is not required to win in "all respects." *Metavante Corp. v. Emigrant Savings Bank*, 2009 WL 4556121 at *3 (E.D. Wis. Nov. 27, 2009) (quoting Wisconsin caselaw), *aff'd* 2010 WL 3385961 (7th Cir. Aug. 30, 2010). "Where a party's claims arise out of a common core of facts, a losing party is not entitled to a reduction in attorney's fees for time spent on unsuccessful claims, if the winning party achieved substantial success and the unsuccessful claims were brought and pursued in good faith." *Id.* (same) (internal quotation omitted).

This precedent quickly disposes of the argument. Wisconsin Energy ultimately prevailed, and it is of little concern, absent bad faith, that it did not succeed on its summary judgment motion. While Matthews is correct that the court remarked on the seeming futility of the motion, there is no showing it rose to the level of bad

faith.  Further, the language of the settlement agreement itself indicates that recovery on an unsuccessful motion is proper.  The controlling sentence provides that the "prevailing Party *in that action* shall be entitled to . . . fees and expenses incurred *in such lawsuit.*" (Decl. Lynne English Ex. 1) (emphasis added).  The plain language of the provision defines the prevailing party within the context of the entire action, and defines the fees and expenses within the context of the entire lawsuit.  Thus, because of its substantial success, a lack of discernible bad faith, and in light of the provision's plain language, Wisconsin Energy is entitled to the fees associated with the second summary judgment motion.

Because:  the provision applies to all claims, not just breach of contract; the fees are commercially reasonable; there is no equitable requirement that the provision not be enforced; and because Wisconsin Energy is a prevailing party sufficient for recovery of fees related to the second summary judgment motion, Wisconsin Energy is entitled to all fees and expenses requested. Wisconsin Energy also requested any expenses listed in its Bill of Costs that are disallowed because they are determined to be nontaxable costs.  Because that matter has not yet been resolved, the court will refrain from including any such possible costs in this order.  Should Wisconsin Energy desire, it may seek the inclusion of any such costs from this court after that issue is resolved.  Therefore, the court will award Wisconsin Energy its nontaxable costs and expenses in the amount of $40,493.64, and attorneys' fees in the amount of $522,527.75, for a total of $563,021.39.

Accordingly,

**IT IS ORDERED** that the plaintiff's Emergency Motion to Amend/Correct Plaintiff's Response to Defendant's Motion for Attorney Fees (Docket #443) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the defendant's Motion for Attorney Fees and Nontaxable Expenses and Costs (Docket #417) be and the same is hereby **GRANTED**; the plaintiff shall pay the defendant's attorneys' fees and costs in the amount of **$563,021.39**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge